FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 29 PM 2:31

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH MAXWELL FARRIS | CIVIL ACTION |
| VERSUS | c/w 00-438 |
| | NO.: 00-0463 C/W 00-463 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL | SECTION: S(3) |
| | ALL CASES |

### MEMORANDUM IN OPPOSITION OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

Plaintiff seeks to remand this matter to the Civil District Court for the Parish of Orleans pursuant to 28 USC 1441 (b). Plaintiff asserts that the defendants, Betty Whitaker and Walter Whitaker, are citizens of the State of Louisiana, therefore, this matter could not have been properly removed under the provisions of 28 USC 1441 (b). However, the plaintiff's Motion to Remand should be denied for two reasons.

**1. The plaintiff's Motion to Remand is untimely.**

The plaintiff originally sued defendants, State Farm Mutual Automobile Insurance Company as the liability insurer of defendants, Walter Whitaker, Jr. and Betty Whitaker, Allstate Insurance Company as the UM insurer of the plaintiff and State Farm Mutual Automobile Insurance Company as the UM insurer of the plaintiff. Allstate originally sought removal of the State Court action to this

1

Fee_____
Process_____
X Dktd_____
__ CtRmDep_____
Doc.No._____

Honorable Court on February 10, 2000. On the same date, Allstate filed a Notice of Removal pursuant to 28 USC 1446 (a). The State Court action was removed and assigned Civil Action No. 00438.

On the following day, February 11, 2000, defendant, State Farm Mutual Automobile Insurance Company, in its capacity as liability and UM insurer, also sought removal of the State Court action to this Honorable Court. State Farm also filed the Notice of Removal pursuant to 28 USC 1446(a) on February 11, 2000. An additional Civil Action number, that being 00-0463, was assigned. Both of the federal actions are consolidated herein.

Plaintiff's Motion to Remand is untimely, therefore, the motion should be denied. Pursuant to 28 USC 1447(c), a Motion to Remand a case on the basis of any defect in the removal procedure must be made within thirty (30) days after the filing of the Notice of Removal under 1446(a). Almost one year has passed since the Notices of Removal were filed herein.

The fact that a diversity suit defendant is a citizen of the forum state is a procedural defect. Such defect does not affect a federal court's subject matter jurisdiction, and any objection to such procedural defect is waived by a plaintiff's failure to timely object to the removal. *Raven's Metal Products, Inc. v. Wilson*, S.D.W.Va. 1993, 816 Fed.Supp. 427. Therefore, because the plaintiff has failed to timely object to the removal of this matter, plaintiff has waived any objection to the procedural defect asserted in its Motion to Remand. Accordingly, this Honorable Court should deny plaintiff's Motion to Remand this matter to the State Court.

**2. The procedural defect asserted by the plaintiff does not exist.**

Moreover, the plaintiff's Motion to Remand this matter should be denied because the procedural defect alleged by the plaintiff does not exist herein. Plaintiff asserts that because

defendants, Walter Whitaker, Jr. and Betty Whitaker are residents of the State of Louisiana, this matter should not have been removed from State Court. However, the plaintiff has settled her claim against State Farm in its capacity as liability insurer of Walter Whitaker and Betty Whitaker as well as her claims against the Whitaker's. Therefore, the only remaining defendants herein are Allstate Insurance Company and State Farm Insurance Company in their capacities as UM insurers. Inasmuch as Allstate and State Farm are corporations existing under the laws of the states of Illinois and Indiana, respectively, the remaining defendants herein are not residents of the State of Louisiana. Therefore, plaintiff's objections to removal based upon 28 USC 1441(b) are invalid. Accordingly, this Honorable Court should deny plaintiff's Motion to Remand this matter to State Court.

Because plaintiff's objection to removal is untimely and the grounds upon which plaintiff relies for removal do not exist, this Honorable Court should deny plaintiff's Motion to Remand and allow this matter to continue herein.

Respectfully submitted,

DONOVAN & LAWYER
A Professional Law Corporation

_____
P. M. DONOVAN (21272)
4640 Rye Street
Metairie, LA 70006
(504) 454-6808

**CERTIFICATE OF SERVICE**

I do hereby certify that I have served a copy of the foregoing pleading on all counsel of record by mailing the same by United States mail on this ___ day of January, 2001.

_____
P. M. DONOVAN

3