```
                                    FILED
                              U.S. DISTRICT COURT
                              EASTERN DISTRICT OF LA

                              2001 FEB 15 PM 2:03

                              LORETTA G. WHYTE
                                    CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELIZABETH MAXWELL FARRIS**                  CIVIL ACTION

**VERSUS**                                    NO: 00-0438

**STATE FARM MUTUAL AUTOMOBILE**              SECTION: "S" (3)
**INSURANCE COMPANY ET AL.**

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Elizabeth Maxwell Farris' motion to remand the matter to state court is **DENIED**.  (Document #27.)

I. BACKGROUND

Elizabeth Maxwell Farris filed a petition for damages against State Farm Mutual Automobile Insurance Company, Walter Whitaker, Jr., Betty Whitaker, and Allstate Insurance Company in the Civil District Court for the Parish of Orleans, State of Louisiana on December 30, 1999.  She alleges that she suffered injury when the car in which she was a passenger was struck by a vehicle owned by Betty Whitaker and operated by Walter Whitaker, Jr.; that State Farm Automobile Insurance Company provided liability insurance to Walter Whitaker, Jr. and Betty Whitaker and uninsured/underinsured motorist coverage to Imogene Maxwell,

DATE OF ENTRY
FEB 15 2001

Fee_____
Process____
X/Dktd_____
_/CtRmDep____
Doc.No.__33__

the owner of the vehicle in which she was riding; and that Allstate Insurance Company is the provider of uninsured motorist coverage to Farris.[1]

Allstate Insurance Company removed the case to federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1441(a).[2] Farris filed a motion to remand the case to state court.

## II. DISCUSSION

Farris contends that removal was improper under 28 U.S.C. § 1441(b) because the defendants are citizens of the State of Louisiana. Section 1441(b) provides in relevant part:

> Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"Under the law of this circuit, however, the presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal." Denman by Denman v. Snapper Div., 131 F.3d 546, 548 (5th Cir. 1998) (citing 28 U.S.C.

---

[1] In a supplemental and amending petition filed after removal, Farris added Faye Young and her liability insurance carrier, Farm Bureau Insurance Company. Farris dismissed her claims against these defendants on January 11, 2001.

[2] State Farm also removed the case to federal court and was assigned a separate case number (No. 00-0463). The cases were consolidated; and subsequently, the case bearing the number 00-0463 was dismissed.

§ 1447(c)).[3]  Farris's objection based on the procedural defect is improper because it is filed more than 30 days after removal.

New Orleans, Louisiana, this __14__ day of February, 2001.

                                      MARY ANN VIAL LEMMON
                                  UNITED STATES DISTRICT JUDGE

---

[3] Section 1447(c) states: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."