Case 2:00-cv-00438-MVL    Document 46    Filed 04/18/2001    Page 1 of 15



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIZABETH MAXWELL FARRIS | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0438 C/W 00-0463 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL | * | SECTION "S" MAG. 3 |

*********************************************************************

## PRE-TRIAL ORDER

A pre-trial conference will be held before the Honorable Mary Ann Vial Lemmon, United States District Judge, on April 20, 2001, at 11:30 o'clock a.m.

2 - PRESENT:

    **JIM S. HALL (Bar No. 21644)**
    **JIM S. HALL & ASSOCIATES, LLC**
    800 N. Causeway Blvd., #100
    Metairie, LA 70001
    Telephone: (504) 832-3000
    Attorney for Elizabeth Maxwell Farris

    **MARIA N. RABIEH  (Bar No. 21037)**
    **SESSIONS, FISHMAN & NATHAN, LLP**
    201 St. Charles Avenue
    Thirty-Fifth Floor
    New Orleans, Louisiana   70170-3500
    Telephone: (504) 582-1500
    Attorneys for State Farm Mutual Automobile
    Insurance Company in its capacity as the UM insurer
    of plaintiff, Imogene Maxwell

    **P.M. DONOVAN (Bar No. 21272)**
    **DONOVAN & LAWLER**
    4640 Rye Street
    Metairie, Louisiana 70006
    Telephone: (504) 454-6808
    Attorney for Allstate Insurance Company

DATE OF ENTRY   MAY 14 2001



3 - <u>Parties:</u>

    a - <u>Plaintiff:</u>

Plaintiff, Elizabeth Farris, is a resident of the County of Dallas, State of Texas.

    b - <u>Defendant:</u>

Defendant, State Farm, is the uninsured/underinsured motorist carrier of the vehicle in which the plaintiff was a passenger, which as owned by Imogene Maxwell.

    c - <u>Defendant:</u>

Allstate Insurance Company is made defendant herein based upon the plaintiff's allegations that Allstate provided uninsured/underinsured motorist coverage to the plaintiff at the time of the accident that is the basis of this litigation.

4 - <u>Jurisdiction:</u>

    A. - <u>Plaintiff:</u>

Plaintiff does not object to this court's jurisdiction regarding this matter.

    B. - <u>Defendant:</u>

This suit is pending in this court based on the diversity jurisdiction. Defendant, State Farm, denies that the plaintiff's damages exceed $75,000.00; however, if the plaintiff is able to prove causation in this case, the injuries at issued could exceed $75,000.00.

    C.. - <u>Defendant:</u>

    a.    Jurisdiction is based upon 28:USC 1441 inasmuch as the plaintiff is a resident of Texas and the defendants are Louisiana residents, and the plaintiff's claim exceeds $75,000.00.

    b.    The plaintiff has alleged that she sustained a herniated cervical disc as a result of the accident that is the basis of this litigation. Allstate strongly disputes this allegation. However, if the plaintiff proves that she sustained a herniated cervical disc as a result of this accident, $75,000.00

could reasonably be awarded.

5 - <u>Motions Pending or Contemplated:</u>

    A. <u>Plaintiff:</u>

Plaintiff has no motions pending at this time.

    B. <u>Defendant:</u>

Defendant State Farm, has no motions pending or contemplated.

    C. <u>Defendant:</u>

Allstate's motion to compel production of plaintiff's wedding and honeymoon photos and videos.

Both plaintiff and defendants reserve the right to file appropriate motions in limine concerning any procedural and/or evidentiary matter which should be addressed prior to trial.

6 - <u>Brief Summary of Material Facts:</u>

    a - <u>Plaintiff:</u>

On December 31, 1998, Elizabeth Farris was a guest passenger in an automobile that was being driven by Faye Young and owned by Imogene Maxwell which was traveling on St. Charles Avenue and upon reaching the intersection of Joseph Street, the defendant ran a red light and caused a severe accident. The property damage which has been paid by State Farm in the amount of $8,789.25. The other plaintiffs in this matter have settled their claims except for Elizabeth Farris.

Immediately after the accident Ms. Farris was seen in the emergency room of Memorial Medical Center where she complained of headache, neck pain, back pain and right knee pain injuries she received from the accident. She was given pain prescriptions for Cyclobenzaprine 10 mg, Hydrocododone 7.5 500 mg. and Methyloprednisol 4 mg.

    Ms. Farris continued with intermittent neck pain until it got severe enough and on December

13, 1999, was seen by Dr. Susan Payberah wherein she complained to Dr. Payberah of serious left shoulder, neck and left arm pain as well as numbness. Dr. Payberah prescribed medication Ibuprofen 800 mg. and Methocarbamol 500 mg. tablets for pain. Ms. Farris' pain persisted and she sought treatment with Dr. Glenn Wheeless.

Ms. Farris was seen on December 17, 1999, by Dr. Glenn Wheeless wherein she complained to Dr. Wheeless of serious neck and arm pain. She complained of pain that went from the neck to the shoulder and into her hand. Dr. Wheeless diagnosed Ms. Farris as suffering from cervical disc.

On November 10, 2000, Ms. Farris had an MRI of the cervical spine ordered by Dr. Glenn Wheeless which showed a left small left paracentral disc herniation at at C4-C5, moderate disc desiccation at C5-C6 and small broad based far left paracentral disc protrusion at C6-C7.

On December 4, 2000, Ms. Farris returned to see Dr. Glenn Wheeless who prescribed Vioxx as an anti-inflammatory medication. He also recommended Ms. Farris do cervical excercises. If the pain persist, Dr. Wheeless' prognosis was epidural steroid injections and he believes that surgery would be needed in the future. Dr. Wheeless in his deposition directly related Ms. Farris' neck injuries to the motor vehicle accident of December 31, 1998.

Defendants claim that Ms. Farris has been involved in several automobile accidents however, the only accident Ms. Farris made an injury claim for was a motor vehicle accident in 1994 when she was rear-ended in Lubbock, Texas. She had two office visits with Dr. Jim Partin for low back soreness. She had fully recovered from that injury.

    b - <u>Defendant</u>:

On December 31, 1998, an automobile accident occurred at the intersection of St. Charles Avenue and St. Joseph Street. The plaintiff, Elizabeth Farris, was a passenger in a vehicle owned by Imogene Maxwell and driven by Faye Young, which was traveling on St. Charles Avenue. At

the intersection of St. Charles Avenue and St. Joseph Street, a vehicle being driven on St. Joseph Street by Walter Whitaker collided with the Maxwell vehicle. State Farm, as Walter Whitaker's insurer, has settled with Ms. Farris at this time.

Following the accident, Ms. Farris was seen in the emergency room of Memorial Medical Center on the date of the accident. Ms. Farris sought no treatment between that time and almost a year later, when she was seen by Dr. Susan Payberah, on December 13, 1999. This visit was prompted by an incident which occurred while Ms. Farris was showing and experienced the onset of shooting pain in the neck. She was then examined by an orthopaedic surgeon on December 17, 1999.

Another year then elapsed before Ms. Farris sought further treatment, with Dr. Glenn Wheeless, on December 4, 2000. In the meantime, she had an MRI of the cervical spine in November 2000, which reflected small herniations at the C4-5 and C6-7 levels.

Ms. Farris has been involved in a number of automobile accidents, some of which occurred prior to the accident, and two of which occurred between the time of the current accident and prior to the date of the MRI.

c - <u>Defendant</u>:

The accident that is the basis of this litigation occurred on December 31, 1998. On the evening of the accident, plaintiff presented herself to the emergency room at Memorial Medical Center and as released after having been diagnosed with sprain/strain injuries. Thereafter, she attended the Sugar Bowl football game in New Orleans and returned to Texas.

She did not seek any additional medical care until December 1999, nearly 11 months later. In the interim, the plaintiff was married and attended a honeymoon in Europe. In addition, she has traveled several times for business. In fact, the plaintiff has not missed any time from work since

this accident. Moreover, the plaintiff was involved in another accident in the fall of 1999, wherein her automobile sustained more than $2,000 in property damage.

According to Dr. Wheelless' orders, the plaintiff underwent an MRI which revealed a small cervical disc herniation. The plaintiff did not seek any additional medical treatment until almost one year later. Since the date of this accident, the plaintiff has had no more than four visits with a healthcare provider.

7 - Uncontested Material Facts:

    A. Plaintiff:

On or about December 31, 1998 plaintiff was a passenger in a vehicle that was driven by Faye Young and owned by Imogene Maxwell. This vehicle was involved in an auto accident with a vehicle that was driven by Walter Whitaker.

    B. Defendant:

On the date of the accident sued upon, State Farm had in force and effect a policy of insurance which provided liability and uninsured/underinsured motorist coverage to Imogene Maxwell with policy limits of 25/50. There are no other uncontested material facts.

    C. - Defendant:

On the date of the accident sued upon, Allstate Insurance Company had in full force and effect a policy of insurance which provided liability and uninsured/underinsured motorist coverage to John Maxwell with policy limits of 100/300..

8 - Contested Issues of Fact:

    A. - Plaintiff:

        a.    The extent of defendant's negligence and liability to plaintiff;

        b.    The extent of plaintiff's injury caused by the accident sued upon;

        c.    The extent of plaintiff's injuries by past and future medical costs;

  d. The extent of plaintiff's disability;

  e. The extent of plaintiff's general damages past and future;

B. - <u>Defendant:</u>

A. i. Whether the plaintiff, Elizabeth Maxwell Farris, sustained any injuries as a result of the accident;

  ii. The nature and extent of injuries sustained by the plaintiff, Elizabeth Maxell Farris; and

  iii. The amount of damages due to the plaintiff, Elizabeth Maxwell Farris, if any;

B. Material Facts and Circumstances Relied Upon to Establish that Elizabeth Maxwell Farris was Contributorily or Comparitively Negligent:

 Not applicable.

C - <u>Defendant:</u>

 a. Liability;

 b. Causation;

 c. The nature and extent of the plaintiff's damages, if any.

9 - <u>Contested Issues of Law:</u>

 A - <u>Plaintiff:</u>

 All those implicit in the foregoing issues of fact.

 B. - <u>Defendant:</u>

 Defendant, State Farm denies that the plaintiff's alleged herniated discs were caused by the accident made subject of this lawsuit.

 Any and all issues of law implicit in the above-contested issues of fact.

 C. - <u>Defendant:</u>

 None.

10 - <u>Exhibits:</u>

    A - <u>Plaintiff:</u>

        a.    Medical records and medical bills of Memorial Medical Center;

        b.    Medical records and medical bills of Dr Glenn S. Wheeless;

        c.    Medical records and medical bills of Dr. Susan Payberah;

        d.    Medial records and medical bills of Dr. Joel H. Carp;

        e.    Medical records and medical bills of Dr. Paul Villien;

        f.    The deposition of Dr. Glenn Wheeless;

        g.    Any and all medical records, diagnostic films, and/or bills which may not be listed above regarding the treatment of plaintiff for injuries sustained in this accident;

        h.    Any and all property damage or repair estimates, which may exist regarding the damage to any vehicles involved in the subject accident;

        i.    Certified copies of any and all automobile insurance policies providing coverage to any automobiles or any individuals involved in the accident made subject of this lawsuit, which were in effect at the time of the accident;

        j.    Any and all statements that have been taken regarding this matter;

        k.    Any and all photographs that have been taken of the accident scene or any individuals or vehicles involved in the subject accident;

        l.    Any and all drawings or diagrams that have been prepared in connection with this matter;

        m.    Any and all evidence which has been produced in response to any discovery;

        n.    Copy of the police report that was prepared regarding the subject accident;

        o.    Any and all injury reports, incident reports, accident reports, or investigative reports that have been prepared by any investigative agencies or individuals concerning the subject accident;

        p.    Any and all expert reports prepared in anticipation of litigation;

        q.    Any and all federal or state income tax returns, or social security records that have been prepared by or on behalf of plaintiff;

        r.    Any and all personnel records concerning plaintiff;

s.  Any and all medical records regarding treatment of plaintiff;

t.  Any and all depositions and all exhibits thereto taken regarding this matter;

u.  Any exhibit necessary for rebuttal or impeachment;

v.  Any exhibit listed or used by any other person;

w.  Any deposition taken regarding this matter;

x.  Any exhibit which becomes known through discovery; and,

y.  Plaintiff's discovery request and any defendant's responses thereto.

B - <u>Defendant</u>:

a.  Any and all pleadings filed in this matter;

b.  Any and all discovery pleadings, as well as documents provided in response to discovery requests, including all exhibits and attachments to depositions or subpoenas duces tecum;

c.  Any and all transcripts in connection with depositions taken in this matter;

d.  A certified copy of the policy of insurance issued by State Farm to Imogene Maxwell, which was in effect on the date of the accident made the subject of this lawsuit;

e.  Diagrams and/or use of blackboards or charts to depict the scene of the accident in question;

f.  Any and all photographs, including those of the scene of the accident and the vehicles involved in the accident, taken in connection with this matter;

g.  Copies of any and all repair estimates prepared in connection with the accident;

h.  Copies of any medical records of the plaintiff from any time;

i.  Video tapes and/or photographs of the plaintiff's wedding and/or honeymoon.

It is not anticipated that there will be any objections to any of the above mentioned exhibits.

C - <u>Defendant:</u>

a.  Report of Dr. Daniel J. Gallagher;

b.  Copies of all pleadings, including discovery requests and responses thereto;

c.   Copies of any depositions taken in connection with the litigation;

d.   Copies of any medical records of the plaintiff from any time;

e.   Photographs of vehicles involved in the accident that is the basis of this lawsuit;

f.   Photographs and/or video tapes of the plaintiff's wedding and/or honeymoon;

g.   Photographs and property damage estimate of the plaintiff's vehicle related to the Fall of 1999 motor vehicle accident;

h.   Any materials that may be used for impeachment;

i.   Any exhibits listed and/or introduced by any other party to this litigaton;

11 - <u>Deposition Testimony:</u>

A.   <u>Plaintiff:</u>

Plaintiff will offer the perpetuation deposition of Dr. Glenn Wheeless.

B.   <u>Defendant:</u>

State Farm intends to offer into evidence at the trial of this matter the perpetuation deposition testimony of Dr. Glenn Wheeless.

C.   <u>Defendant:</u>

Plaintiff and defendants reserve the right to introduce the deposition of any witness who is unavailable at time of trial, and to use any deposition taken in the case for all purposes allowed under the Federal Rules of Civil Procedure.

12 - <u>Charts, Graphs, Models, etc.:</u>

A.   <u>Plaintiff:</u>

Plaintiff reserves her right to use photographs, charts, schematics and other similar objects in the trial of this matter.

B.   <u>Defendant:</u>

Counsel for State Farm may use the following items in opening and/or closing arguments:

  A. Excerpts from the deposition of Dr. Glenn Wheeless;

  B. Excerpts of medical records of the plaintiff from any time.

  C. <u>Defendant:</u>

Plaintiff and defendants reserve the right to use charts, graphs, models, schematics, diagrams, photographs and other similar objects at the trial, in their opening statements and closing arguments.

13 - <u>Witnesses:</u>

 a - <u>Plaintiff</u>

  On behalf of Elizabeth Farris:

  a. Elizabeth Maxwell Farris; will provide testimony regarding the facts and circumstances surrounding this accident;

  b. Rodney Farris, will provide testimony regarding the health of plaintiff;

  c. Betty Whitaker, will provide testimony regarding facts and circumstances surrounding this accident;

  d. Faye Young, will provide testimony regarding the facts and circumstances surrounding this accident;

  e. Imogene Maxwell, will provide testimony regarding the facts and circumstances surrounding this accident;

  f. Ann Maxwell, will provide testimony regarding the facts and circumstances surrounding this accident;

  g. Ashley Szczepanski, will provide testimony regarding the facts and circumstances surrounding this accident;

  h. John Roath, will provide testimony regarding the facts and circumstances surrounding this accident;

  i. Warren Steffens, will provide testimony regarding the facts and circumstances surrounding this accident;

  j. Benjamin Benthall, will provide testimony regarding the facts and circumstances surrounding this accident;

  k.  Dr. Glenn S. Wheeless, by perpetuation deposition regarding his examination, diagnosis and treatment of plaintiff;

  l.  Dr. Susan Payberah, will provide testimony regarding her examination, diagnosis and treatment of plaintiff;

  m.  Dr. Joel H. Carp, will provide testimony regarding his examination, diagnosis and treatment of plaintiff;

  n.  Dr. Paul Villien, Memorial Medical Center, will provide testimony regarding the examination, diagnosis and treatment of plaintiff;

  o.  Appraiser, Sandy Halphen, of State Farm Insurance Company, may be called to provide testimony authenticating records of State Farm Insurance Company;

  p.  Representative of Allstate Insurance Company to verify their auto liability policy and coverage;

  q.  Edwin Ducote, Jr., New Orleans Police Department, Badge No. 617, will provide testimony regarding the automobile accident of December 31, 1998 involving plaintiff;

  r.  Any person who provided healthcare to plaintiff;

  s.  Any witness listed by any other party;

  t.  Any witness that becomes known through discovery;

  u.  Any witness necessary for rebuttal/impeachment;

  v.  Any witness necessary to authenticate any exhibit to which counsel cannot agree.

  w.  Any witness listed or called by any other party.

B - <u>Defendant</u>

On behalf of State Farm Mutual Automobile Insurance Company:

A.  State Farm will call the following witnesses:

  1.  Daniel Gallagher, MD - medical testimony regarding independent medical examination of the plaintiff, Elizabeth Maxwell Farris;

  2.  By deposition, the perpetuation deposition testimony of Glenn Wheeless, MD;

State Farm may call the following witnesses:

3. Susan Payberah, MD - medical testimony regarding her treatment of the plaintiff;

4. A representative of State Farm Mutual Automobile Insurance Company - fact testimony regarding the accident investigation and policy information.

B. State Farm filed a witness list in accordance with prior court orders.

C - <u>Defendant</u>:

On behalf of Allstate Insurance Company:

1. Dr. Daniel J. Gallagher; will provide testimony regarding the independent medical exam he performed on the plaintiff;

2. Dr. Susan Payberah; will provide testimony regarding her examination, diagnosis and treatment of the plaintiff;

3. A representative of Allstate Insurance Company may be called to provide testimony authenticating records of Allstate Insurance Company relative to any claims the plaintiff may have made as a result of an automobile accident in which she was involved in Dallas, Texas in the fall of 1999.

14. This case is Set to Tried by a Jury

A. Proposed Jury Instructions, Special Jury Interrogatories, Trial Memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

15. The issue of liability will not be tried separately from that of quantum.

16. The parties are unaware of any matters which might expedite a disposition of the case, other than a settlement conference with the Court.

17. Trial is expected to last three (3) days.

18. This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections,

or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

19.  Possibility of settlement of this case has been considered, but no agreement can be reached. Defendant submits that a settlement conference with a U.S. Magistrate may assist amicable resolution of this case.

New Orleans, Louisiana, this _11th_ day of ~~April~~ May, 2001.

_____
UNITED STATES DISTRICT JUDGE

_____
JIM S. HALL (Bar No. 21644)
JIM S. HALL & ASSOCIATES
800 N. Causeway Blvd., #100
Metairie, LA 70001
Telephone: 504-832-3000
Attorney for Elizabeth Maxwell Parris

_____
MARIA N. RABIEH. (Bar No. #21037)
SESSIONS, FISHMAN & NATHAN
201 St. Charles Avenue
Thirty-Fifth Floor
New Orleans, Louisiana 70170
Phone: (504) 582-1500
Attorney for State Farm Mutual
Automobile Insurance Company

_____
P.M. DONOVAN, (Bar No. #21272)
DONOVAN & LAWLER
4640 Rye Street
Metairie, Louisiana 70006
Phone: (504) 454-6808

## CERTIFICATE OF SERVICE

I do hereby certify that I have on the 16th day of April, 2001, served a copy of the foregoing pleadings on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____
JIM S. HALL